IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-01431-RM-NYW

KEVIN JAMES ROMERO,

    Plaintiff,

v.

MATTHEW BOWMAN, and
ADAM JENNINGS,

    Defendants.

## ORDER ON MOTIONS

    This matter is before the Court on the following three motions: (1) Plaintiff's Motion to Alter or Amend the Judgment, or to Reconsider, and Request for Clarification (the "First Motion") (ECF No. 29); (2) Plaintiff's Motion to Supplement (the "Second Motion") the First Motion (ECF No. 30)[1]; and (3) Plaintiff's Second Motion to Supplement (the "Third Motion") (ECF No. 62). The Court addresses each motion in turn.

I.    **PLAINTIFF'S PRO SE STATUS**

    In reviewing Plaintiff's motions, the Court construes his filings liberally because he proceeds *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Nonetheless, the Court does not serve as Plaintiff's advocate. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). And Plaintiff is required to follow the same procedural rules as counseled parties. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status 'does not excuse the

---

[1] The Second Motion has already been granted in that supplementation has been allowed. The substance or potential merits of the First Motion, as supplemented, has not been determined. (ECF No. 35)

obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.'" (citation omitted)).

## II. THE MOTIONS

**The First Motion.** In the First Motion, Plaintiff objects to certain dismissals entered by Judge Babcock in the Order dated November 18, 2019 (ECF No. 20). Construing Plaintiff's motion liberally, to the extent Plaintiff seeks reconsideration of Judge Babcock's Order, Plaintiff fails to provide any argument or basis which is sufficient to support reconsideration. *See Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1023-24 (10th Cir. 2018) (discussing reconsideration of interlocutory orders); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (discussing grounds warranting reconsideration).

Plaintiff also asserts a *Martinez*[2] report is required to determine "preliminary issues." But Plaintiff fails to identify what such issues are or to show such a report is necessary or would assist in salvaging his dismissed claims. *See Jennings v. Yates*, 792 F. App'x 606, 609 (10th Cir. 2019) (recognizing district courts are permitted but not required to order a *Martinez* report).

Finally, Plaintiff requests a "clarification," but it is unclear to the Court what Plaintiff needs clarified. For the most part, Plaintiff's motion correctly sets forth, in part, what Judge Babcock ordered. Plaintiff does add a new name in his motion – Krista Newmeyer-Olsen[3] – who is not a named defendant in Plaintiff's operative complaint.[4] To the extent Plaintiff is somehow seeking to unilaterally add Ms. Newmeyer-Olsen or to substitute her for Defendant Welch, that effort is rejected.

**The Second Motion.** The Second Motion supplements the First Motion. Plaintiff asserts

---

[2] *Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir.1978) (holding that a report may be necessary to determine certain preliminary issues).
[3] One motion identifies her as Newmeyer-Olsem. For consistency, the Court will identify her as Newmeyer-Olsen.
[4] Crista Newmeyer-Olsen was named in the Prisoner Complaint filed June 20, 2019. (ECF No. 5.) However, she was not named as a defendant in the operative complaint (ECF No. 13).

that his supplement is appropriate because he has "limited knowledge of the law."[5] But, Plaintiff previously represented that he is "intelligent" and "very capable of understanding the law."[6] And Plaintiff's filings show he is capable of researching the law. Regardless, the Magistrate Judge granted Plaintiff leave to supplement so the Court will consider the Second Motion in its analysis of whether to grant relief. And, upon such consideration, the Court finds the matters in the Second Motion still fail to show relief is warranted.

First, the motion either repeats previous arguments which Judge Babcock rejected or raises new arguments or matters, such as Canon 5, without showing why they could not have been raised earlier or how they support reconsideration. In addition, Plaintiff argues about matters which were not addressed in Judge Babcock's Order, such as qualified immunity for Defendants Mahonee, McCuaig, Fetkyo, and Welch.[7] Thus, Plaintiff's supplemental arguments do not provide grounds for granting any relief. *See Servants of the Paraclete*, 204 F.3d at 1012 (A motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.").

Next, it appears, again, that Plaintiff is attempting to add or substitute Ms. Newmeyer-Olsen. Plaintiff may *not* do so by simply including Ms. Newmeyer-Olsen's name in his filings or in lieu of Defendant Welch's name.[8] The same holds true as to "Defendant Brown"[9] – there is no defendant named Brown in this case. And, to the extent Plaintiff is objecting to the dismissal of Defendant *Bowman*, his dismissal based on the Eleventh Amendment was as to claims for

---

[5] ECF No. 30, p. 2.
[6] ECF No. 19, p. 6.
[7] *See* ECF No. 20, p. 2, accepting recommendation; No. 16, pp. 8-9, recommending dismissal of Defendants Mahonee, McCuaig, Fetkyo, and Welch based on *absolute* immunity.
[8] *See* ECF No. 30, Second Motion, caption, p. 1.
[9] ECF No. 30, p. 12.

damages in his *official* capacity not his individual capacity.[10] In summary, Plaintiff provides insufficient grounds for reconsideration of Judge Babcock's Order.

**The Third Motion.** The Third Motion seeks leave to supplement – again – the First Motion. Having been granted leave to supplement once with a 13-page filing (ECF No. 30), the Court declines to allow another bite of the apple. Thus, this motion is denied. Moreover, even if the Court granted the motion and considered its substance, it would still not afford Plaintiff relief. Here, Plaintiff either raises new arguments or repeats earlier arguments.[11]

Finally, as for Plaintiff's request for a "timely ruling," in light of this Order on Motions, the request is denied as moot.

### III.   CONCLUSION

Based on the foregoing it is **ORDERED**

(1) That Plaintiff's Motion to Alter or Amend the Judgment, or to Reconsider, and Request for Clarification (ECF No. 29) is DENIED; and

(2) That Plaintiff's Second Motion to Supplement (ECF No. 62) is DENIED.

DATED this 28th day of September, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[10] ECF No. 30, p. 12 (objecting to dismissal of Defendant Brown in his *individual* capacity under the Eleventh Amendment); No. 20, p. 2 (dismissal of Defendant Bowman in his *official* capacity under the Eleventh Amendment).

[11] Plaintiff also fails to show where numerous allegations he relies on may be found in his operative complaint. The Court "declines to 'sift through' the record to find support for [Plaintiff's] contentions." *United States v. City of Las Cruces*, 289 F.3d 1170, 1186 (10th Cir. 2002) (citing *S.E.C. v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992)).